# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KENNETH MICHAEL PETTY,
          Appellant,

          v.

TENNESSEE VALLEY AUTHORITY,
          Agency.

DOCKET NUMBER
AT-0351-14-0744-I-1

DATE: January 29, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stephen K. Perry, Knoxville, Tennessee, for the appellant.

John E. Slater, Knoxville, Tennessee, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which affirmed the agency's decision to separate the appellant pursuant to a reduction in force (RIF). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant, who was employed as a Business Analyst, was separated pursuant to a RIF. Initial Appeal File (IAF), Tab 4 at 36-38. He filed a Board appeal asserting that his position was interchangeable with that of another position, Financial Consultant, and that the agency therefore incorrectly identified his competitive level as only including Business Analysts. IAF, Tab 1. He did not request a hearing. *Id*. In his brief below, the appellant argued that he had been performing the work of a Financial Consultant and that the agency erred by failing to reclassify his position as required by an agency handbook. IAF, Tab 9 at 9-13. The agency argued that the two positions were not interchangeable and that, even if they were, the appellant still would have been separated because he would have had the lowest retention standing on this revised list. IAF, Tab 4 at 8-11. In his initial decision, the administrative judge affirmed the agency's decision to separate the appellant pursuant to the RIF, specifically finding that the agency established by a preponderance of the evidence that the Business Analyst and the Financial Consultant positions were not within the same competitive level

for purposes of the RIF and that the appellant had not shown that the agency committed harmful procedural error by failing to officially reassign him to a Financial Consultant position prior to the RIF. IAF, Tab 12, Initial Decision (ID) at 5-8.

¶3 The appellant has timely petitioned for review and argues, as he did below, that the agency misidentified his competitive level because the Business Analyst and the Financial Consultant positions were sufficiently identical to allow incumbents to move between the two positions without undue interruption. Petition for Review (PFR) File, Tab 1 at 5-6. The agency has filed a response, PFR File, Tab 3, and the appellant has filed a reply, PFR File, Tab 4.[2]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4 With respect to a challenge to an appealable RIF, such as the challenge to the separation at issue here, the agency must establish by preponderant evidence[3] that it invoked the RIF regulations for an approved reason, that the RIF regulations were properly applied as to the appellant's competitive area and competitive level, and that he was afforded proper assignment rights.[4] 5 C.F.R. §§ 351.201(a)(2), 402, 403, 705; *see Abakan v. Department of Transportation*, 98 M.S.P.R. 662, ¶ 6 (2005). To meet its burden of proving that the RIF regulations were properly applied as to the appellant's competitive level,

---

[2] Because we find that the agency properly separated the appellant pursuant to the RIF, we do not address the agency's argument that the appellant would have been separated regardless of whether the Business Analyst and Financial Consultant positions were in the same competitive level. *See* PFR File, Tab 3 at 9.

[3] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2).

[4] The appellant does not challenge the administrative judge's findings that the RIF regulations were properly applied as to his competitive area, that he was not entitled to assignment rights, and that the agency invoked the RIF regulations for one of the legitimate management reasons specified in 5 C.F.R. § 351.201(a)(2). IAF, Tabs 1, 9, 11; PFR File, Tabs 1, 4; ID at 7-8. We have reviewed these findings and find no reason to disturb them.

the agency must establish that the positions are not "similar enough in duties, qualifications requirements, pay schedules, and working conditions, so that an agency may reassign the incumbent of one position to any of the other positions in the level without undue interruption." *Anderson v. Tennessee Valley Authority*, 77 M.S.P.R. 271, 276 (1998) (citing 5 C.F.R. § 351.403(a)). "Without undue interruption" means "without any loss to productivity beyond that normally expected in the orientation of any new, but fully qualified employee." *Anderson*, 77 M.S.P.R. at 276 (citing *Disney v. Department of the Navy*, 67 M.S.P.R. 563, 567 (1995)).

¶5      The appellant argues that the agency improperly determined his competitive level because the Business Analyst and the Financial Consultant positions are interchangeable. PFR File, Tab 1 at 5-6. For the reasons set forth below, we agree with the administrative judge that the two positions are "similar but not identical." ID at 5.

¶6      In determining whether two positions are in the same competitive level, the Board primarily considers the position descriptions. *Anderson*, 77 M.S.P.R. at 277. Although both the Business Analyst and Financial Consultant positions are in the same organization, it is clear from the position descriptions that the purposes of and the qualifications for the two positions are different. IAF, Tab 4 at 43-44. According to the Business Analyst position description, the position's primary function is "to develop a comprehensive business economics model to determine the value created by each of [the agency's] business units." *Id*. at 44. However, according to the Financial Consultant position description, that position's areas of responsibility consist of "financial statement integrity, technical accounting guidance, Sarbanes-Oxley control environment compliance, financial and operational performance reporting, annual business plan development, budgeting and forecasting, financial analysis, business system development and integration, management support systems and processes." *Id*. at 43. While the Business Analyst position requires "[6] to [10] years of related

experience in financial management and business systems and controls," the Financial Consultant position only requires 5 years of such experience. *Id*. at 43-44. Lastly, while the Business Analyst position requires a Bachelor's degree in finance, accounting, or a business-related field, the Financial Consultant position only requires a Bachelor's degree with a preference for a field of study in accounting or finance.[5] *Id*. Considering these position descriptions as a whole, it is apparent that the positions have significant differences.

¶7      In determining whether two positions could occupy the same competitive level, the Board has held, "it does not matter that the individuals in the positions could qualify for a particular position but that anyone who qualified for one position could qualify for all." *Bateman v. Department of the Navy*, 64 M.S.P.R. 464, 467 (1994). The two positions at issue here do not satisfy this test. Most notably, although a person could qualify for the Financial Consultant position with 5 years of experience in financial management and business systems and controls, the same person would be ineligible for the Business Analyst position without at least 6 years of such experience. IAF, Tab 4 at 43-44. Accordingly, we find that the position descriptions demonstrate that the Business Analyst position and the Financial Consultant position are not in the same competitive level. *Holliday v. Department of the Army*, 12 M.S.P.R. 358, 361-62 (1982) (finding, based upon testimony and the official position descriptions, that two positions were properly classified in two separate competitive levels).

¶8      Even though the competitive level of the two positions is primarily determined by the position descriptions, the Board also may consider other evidence where it "sheds light" on the position description. *Simonton v. Department of the Army*, 62 M.S.P.R. 30, 35-36 (1994). An agency Employee Relations Specialist stated in her declaration that the Business Analyst position

---

[5] The appellant correctly notes that this requirement is flexible because both positions provide for consideration of a Bachelor's degree in a related field of study, with related education, training, and experience. IAF, Tab 4 at 43-44; PFR File, Tab 1 at 5-6.

primarily fulfilled a role in the design and implementation of the agency's business economic modeling and analysis, which was discontinued. IAF, Tab 4 at 19. On the other hand, she stated that the Financial Consultant position was employed to primarily provide "technical financial and accounting guidance on financial statement integrity, Sarbanes-Oxley control environment compliance, financial and operational performance reporting, and budget analysis." *Id*. This evidence further supports our finding that the two positions are not in the same competitive level.

¶9    In support of his argument that the two positions should have been in the same competitive level, the appellant argues that Business Analysts were performing the duties of Financial Consultants at the time of the RIF. PFR File, Tab 4 at 6. However, the fact that an employee can perform the duties of both positions does not establish that they are interchangeable for determining competitive level. *Holliday*, 12 M.S.P.R. 358, 361-62. Additionally, where an employee is detailed to or acting in a position, his competitive level is not determined by the position to which he is detailed or in which he is acting. *See Jicha v. Department of the Navy,* 65 M.S.P.R. 73, 77 (1994). Consequently, the Board has held that an agency should not base its competitive level determination upon an appellant's temporary assignment. *Id*. We therefore find that, although the appellant may have performed the work of a Financial Consultant, the agency properly considered the Business Analyst position in determining his competitive level. Accordingly, we agree with the administrative judge that the agency correctly determined the appellant's competitive level and properly separated him pursuant to the RIF.[6] *Estrin v. Social Security Administration*, 24 M.S.P.R. 303,

---

[6] The appellant has not challenged the administrative judge's finding that the agency did not commit harmful procedural error by failing to officially reassign him to a Financial Consultant position pursuant to an agency handbook. PFR File, Tabs 1, 3; *see* ID at 6-7. The administrative judge correctly determined that the agency was not bound by the handbook. ID at 7; *see Taylor v. Office of Personnel Management*, 87 M.S.P.R. 214, ¶ 12 n.2 (2000) (citing *Hamlet v. United States*, 63 F.3d 1097, 1105 (Fed. Cir.

306-07 (1984) (finding that the agency properly excluded certain positions from the appellant's competitive level and sustaining the appellant's separation by RIF).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

---

1995) (specifying criteria for determining whether a manual or handbook is entitled to the force and effect of law)). Accordingly, the administrative judge correctly determined that the agency did not err by failing to reassign the appellant to the new position or by basing his competitive level on the Business Analyst position. *See generally Smith v. Office of Personnel Management*, 67 M.S.P.R. 29, 32-33 (1995) (finding that an agency correctly based competitive level on the position the appellant held prior to the freeze in promotions because the promotion, although authorized, had not been processed).

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.